**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0200-18T4
     A-1220-18T4
     A-1681-18T4

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

RONY CHERY,

  Defendant,

and

INTERNATIONAL FIDELITY
INSURANCE CO.,

  Defendant-Appellant.

_____

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

JERRY TYRE,

  Defendant,

and

ALLEGHENY CASUALTY CO.,

     Defendant-Appellant.

_____

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

OMAR WILLIAMS,

     Defendant,

and

ALLEGHENY CASUALTY CO.,

     Defendant-Appellant.

_____

     Submitted September 17, 2019 – Decided November 20, 2019

     Before Judges Fisher, Accurso and Gilson.

     On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 13001984-001, 16-05-0719 and 16-08-1124.

     Richard P. Blender, attorney for appellants.

     Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent (Maria P. Vallejo, of counsel and on the brief).

PER CURIAM

In these consolidated appeals, sureties that posted bail for the defendants in these criminal cases – prior to the 2017 amendments to Rule 3:26-6 and the revised bail remission guidelines ("revised guidelines") – argue in a single point that the trial court erred by applying the revised guidelines and "in not applying the bail forfeiture guidelines . . . in existence at the time the bails were written." Stated another way, the sureties argue that the revised guidelines should not have been applied retroactively because "it is patently unconscionable to allow one party to the bail-recognizance contract, the State-creditor, to alter the most essential component of the bail contract . . . than was originally agreed upon when the contract was first entered into." The sureties argue as well that application of the revised guidelines violates the Contracts Clause of the United States Constitution, U.S. Const., Art. I, § 10, and that the revised guidelines are inconsistent with their stated purpose of "simplify[ing] and streamlin[ing] the process for handling applications to set aside or remit bail forfeiture."

We recently rejected these and other similar challenges to the revised guidelines in ABC Bail Bonds, Inc. v. Grant, 459 N.J. Super. 340, 348 (App. Div.), certif. denied, __ N.J. __ (Nov. 4, 2019), where we held that the revised guidelines should be applied "retroactively" because they are "procedural, not

3

substantive[,]" "not unconstitutional[,]" "not an unlawful exercise of the Court's supervisory authority," and do "not constitute a material change to existing contracts." For these same reasons, we conclude that the sureties' arguments are without sufficient merit to warrant further discussion in another written opinion. R. 2:11-3(e)(1)(E).

The orders under review in these appeals are affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0200-18T4